Robert Morris, Plaintiff-Appellee, *v.* No. 5 Credithrift of America, Inc., Defendant-Appellant—(No. 5 Credithrift of America, Inc., Third-Party Plaintiff-Appellee, *v.* Eugene E. Gelling, Third-Party Defendant-Appellant.)

(No. 73-375;

Fifth District—July 17, 1974.

Hendricks & Watt, of Murphysboro (Earl S. Hendricks, Jr., of counsel), for third-party defendant-appellant.

E. Dan Kimmel, of Carbondale, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Jackson County entered in favor of plaintiff against defendant and a judgment in the same amount in favor of the third-party plaintiff against the third-party defendant. Both the original defendant and the third-party defendant have appealed.

In 1965, plaintiff Morris and third-party defendant Gelling signed a retail installment contract to purchase a mobile home from Williams Trailer Sales. As part of the same transaction, the contract was pur-

chased by the defendant and third-party plaintiff, No. 5 Credithrift of America.

The contract provided that the buyers would make a down payment of $700 and 60 monthly installment payments of $79.95 each. Morris made the down payment when the contract was signed. Morris also made the first 14 monthly payments to Credithrift, but Gelling contributed to those payments.

In 1966, Morris, who was a fellow student of Gelling when the mobile home was purchased, quit school and moved to Chicago. Thereafter Gelling made payments totaling $2634.66 to Credithrift in the period from September 1966 to June 1969. Gelling paid an unascertained amount of maintenance and rental space expenses and earned an unascertained amount of rental income during this period. No accounting was made between Morris and Gelling.

In 1969, a three-party transaction occurred. At the request of Gelling's attorney, Credithrift repossessed the mobile home and obtained a repossession title. Gelling then purchased the repossession title for $698.75, the balance of the original installment sales contract. As part of the same transaction, Gelling sold the title to a Mr. Du Husak, and Du Husak borrowed the money from Credithrift to make the purchase.

During the three-party transaction the only money that actually passed hands consisted of two checks written by Credithrift. The first check was for $561.72 and was given to Gelling. The other check was issued to Du Husak for $940.64, and Du Husak immediately endorsed the check to Gelling. Thus the sale price was $2,201.11 and Du Husak became indebted to Credithrift for that amount. Gelling received checks totaling $1,502.36 and the indebtedness of $698.75 on the original installment sales contract was cancelled. Credithrift broke even in the transaction; it cancelled the indebtedness of $698.75 and wrote checks which totaled $1,502.36, but became a creditor of Du Husak in the amount of $2,201.11.

In 1970, Morris filed his complaint against Credithrift. The complaint alleged that Credithrift had redeemed the mobile home without giving notice to Morris, that Credithrift realized a surplus from the redemption sale and the surplus was not paid to Morris as provided in the retail installment contract.

The statute provides that the secured party must account to the debtor for any surplus and requires notice in transactions of this kind. Ill. Rev. Stat., ch. 26, pars. 9—504(2) and (3).

A number of defenses were raised which we find were without merit. Admittedly notice was not given to Morris. The trial court properly

found that the three-way transaction amounted to a sale of the repossessed mobile home to Du Husak for $2,201.11.

The trial court entered judgment in favor of Morris in the amount of $701.18 on the complaint and a like amount in favor of Credithrift on the third-party complaint. It would appear that the court intended to render judgment in the amount of $751.18 but erred in drafting the judgment order. At any rate, Morris did not appeal so that is not in issue.

■■ We find no reasonable basis why the statute which gives the debtor a right to any surplus after sale should operate in favor of Gelling but not Morris. Also the court was justified, in the absence of any pleadings requesting an accounting between Gelling and Morris, in finding that each debtor was entitled to one-half of the surplus.

Finding no error the judgment of the Circuit Court of Jackson County is affirmed.

Judgment affirmed.

G. MORAN, P. J., and CARTER, J., concur.